UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LUCAS M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No.  1:24 CV 110 JMB |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On January 20, 2021, Plaintiff Lucas M. filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq.*, alleging that his disability began on June 1, 2017 because of diabetes, right foot issues, back issues, double hip replacements, and his rotator cuff (Tr. 271-272, 311).  He later amended his onset date to November 8, 2019 (Tr. 82).[1]  On February 15, 2023, the Commissioner of Social Security issued a final decision on Plaintiff's claim (Tr. 79-102).  See 42 U.S.C. § 405(g).  There is no dispute that Plaintiff exhausted his administrative remedies.  Accordingly, this matter is now before the Court for review of an adverse ruling by the Social Security Administration as set forth by the ALJ.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.  Standard of Review and Legal Framework**

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole.  Ross v. O'Malley, 92 F.4th 775, 778

---

[1] This is Plaintiff's second application for benefits.  A final decision on his previous application was issued by an ALJ on November 7, 2019 (Tr. 106-116) and is not the subject of his appeal.

(8th Cir. 2024). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quotation omitted); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (the standard "is not high"). In making this determination, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007); see also 20 C.F.R. § 404.1520 (setting forth the five-step sequential evaluation process an ALJ uses to determine whether a claimant is disabled); Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (discussing the five-step process).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow, and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (citing Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Similarly, a reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). If it is possible to draw a position from the evidence that supports the ALJ's findings, the reviewing court must affirm the decision. Id. With this standard in mind, the Court will address the specific arguments made by the parties.

## II. Discussion

Plaintiff makes two arguments: (1) the ALJ erred in failing to account for Plaintiff's mild mental limitations in formulating the RFC; and (2) the ALJ erred in failing to account for Plaintiff's need of an assistive device and erred in evaluating Dr. Van Bruggen's medical opinion supporting the same. Each argument will be taken in turn.

Page **2** of **10**

A.      **Evaluation of Mental Limitations**

Plaintiff first argues that his mild mental limitations should have been included in the RFC developed by the ALJ. A claimant's RFC is the most he can do in a work setting despite his limitations. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2023) (citing 20 C.F.R. § 404.1545(a)(1)). When determining a claimant's RFC, the ALJ must consider "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of [his] limitations." Papesh v. Colvin, 786 F3d 1126, 1131 (8th Cir. 2015) (citations and quotation marks omitted).

The ALJ found that Plaintiff suffered from depression but that it was a non-severe impairment (Tr. 85). The ALJ noted that this condition, "considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities" (Tr. 86). In detailing the condition, the ALJ found that Plaintiff had no formal mental health treatment, that his mood and affect were normal, that he was cooperative, that he did not have trouble concentrating and remembering, and that his judgment and insight were intact (Tr. 86, 93). The ALJ further found the opinion of Dr. Mark Altomari, a consultative examiner, persuasive because it was both consistent with the evidence and supported by the evidence (Tr. 93). Dr. Altomari found no mental functional limitations associated with Plaintiff's claim (Tr. 132, 135). Plaintiff does not dispute any of these findings.

Rather, Plaintiff argues that the ALJ failed to address any mental health limitations and did not include any mental health limitations in the RFC. As Plaintiff points out, at step two of the evaluation process, the ALJ found that Plaintiff suffered from a non-severe impairment of depression because it caused no or only mild limitations in the four areas of functioning (the "paragraph 'B' criteria – understanding, remembering, and applying information; interacting with

Page **3** of **10**

others; concentrating, persisting, or maintaining pace; and, adapting or managing oneself) and because there was no evidence that it caused "more than a minimal limitation in the claimant's ability to do basic work activities" (Tr. 87). Such an evaluation at Step 2 only relates to the severity of Plaintiff's condition, and is distinct from an RFC determination. Chismarich v. Berryhill, 888 F.3d 978, 979-980 (8th Cir. 2018); Wymer v. Saul, 4:19-CV-2616-MTS, 2021 WL 1889870, * 9 (E.D. Mo. May 11, 2021).

Plaintiff ignores that, between steps 3 and 4, the ALJ found Dr. Altomari's opinion persuasive and found that medical records related to Plaintiff's mental health were largely normal, findings that Plaintiff does not challenge (Tr. 93). Accordingly, the ALJ found that there were no functional limitations related to Plaintiff's depression. See, e.g., Lacroix v. Barnhart, 465 F.3d 881, 887-888 (8th Cir. 2006) (finding that the ALJ did not err in adopting an expert opinion that even though the claimant had moderate limitations, they would not affect her functional capacity); Hilkemeyer v. Barnhart, 380 F.3d 441, 447 (8th Cir. 2004) (finding that there is no error in declining to incorporate a mild impairment into an RFC if the record does not support any functional limitations caused by the impairment); 20 C.F.R. § 404.1520(e). As such there is substantial evidence supporting the ALJ's RFC determination that Plaintiff could perform sedentary work with no limitations based on his mental impairment. There is no "analytical void" that would prevent meaningful judicial review (Doc. 13-2, p. 8).

**B.     Evaluation of Assistive Device**

Plaintiff next argues that the ALJ erred in evaluating Plaintiff's ability to balance and the use of a cane and/or crutches to assist with balancing (as opposed to ambulating). In addressing this area of functioning, the ALJ acknowledged that Plaintiff "reported that he loses his balance and fall[s] over" and that he uses a cane, braces, and crutches (Tr. 91). The ALJ specified that

Plaintiff used crutches to take pressure off his foot to allow a wound to heal after a particular surgery, and that he testified that he alternates between a cane and crutches throughout the day (Tr. 32-33, 91).  In detailing the medical records, the ALJ noted that Plaintiff had an antalgic gait and used crutches at a consultative examination performed by Dr. Andrew Van Bruggen on June 18, 2022 (Tr. 92, 708-716).  However, the ALJ also indicated that at other examinations, Plaintiff had a normal gait either with no assistive device or with the use of a cane (Tr. 92).  In addition, the ALJ indicated that there was only one mention of crutches at an examination (Tr. 93).  Finally, the ALJ noted that Plaintiff had normal musculoskeletal strength, range of motion, grip strength, and intact sensation (Tr. 93).  In light of this evidence, the ALJ found that Dr. Van Bruggen's opinion, that crutches appeared medically necessary, unpersuasive (Tr. 94, 710).  However, the ALJ accounted for the use of a cane for walking in the RFC in finding that "he can lift and carry up to the exertional limitations [for the sedentary level] with the other upper extremity" (Tr. 92).

Plaintiff first argues that the ALJ failed to make an evaluation of the medical necessity of the use of the cane and that, as a result, the ALJ failed to analyze cane-usage for balancing, as opposed to ambulating.  Plaintiff's argument is not well taken.  The ALJ noted that there is evidence that Plaintiff has trouble balancing (Tr. 91).  However, besides Dr. Van Bruggen's opinion as to crutches (which will be addressed below), Plaintiff points to no medical evidence that cane usage is required for balancing or standing.  See SSR 96-9p, 1996 WL 374185, * 7 (July 2, 1996) ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).").  In creating the RFC, the ALJ stated that Plaintiff was limited to sedentary work, which means occasionally

lifting no more than 10 pounds and only occasionally walking or standing. 20 C.F.R. § 404.1567. The RFC also indicated that Plaintiff needed the use of a cane for walking because the medical records supported such usage. As such, the ALJ was aware of Plaintiff's self-reported balancing problems but specifically found that cane use was only required for walking. Plaintiff presents no evidence that he required any device to assist with balancing. Indeed, the very records he relies on indicate that Plaintiff feels "unsteady walking/standing" (Tr. 609) and that he uses a cane for ambulation (Doc. 13-2, citing Tr. 908, 914, 920, 926). As such, to the extent that the ALJ did not address use of a cane specifically as to balancing, it is at most an error in opinion writing that does not require remand. See Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008). In any event, to the extent that Plaintiff argues that the ALJ should have imposed greater restrictions, he is merely stating a disagreement about the weight of the evidence, which this Court does not reweigh. See e.g., Austin v. Kijakazi, 52 F.4th 723, 731 (8th Cir. 2022) ("Whether the ALJ should have provided *additional* limitations amounts to a disagreement over the weighing of evidence within the record" (emphasis in original, citation omitted)).

Plaintiff next argues that the ALJ failed to adequately address Dr. Van Bruggen's medical opinion that crutches appeared medical necessary (Tr. 710). When evaluating opinion evidence, the ALJ is no longer required to give controlling weight or any weight to opinion evidence. 20 C.F.R. 404.1520c(a). Instead, the ALJ is to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors. 20 C.F.R. § 404.1520c(b)(2). Of these factors, an ALJ must explain how he considered the factors of supportability and consistency in

his decision but need not explain how he considered the other factors. 20 C.F.R. § 404.1520c(b)(2).[2]

The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In articulating how she considers the supportability factor, an ALJ may properly consider that the physician's own treatment notes do not support the physician's opinion, that the physician did not consider certain evidence, or that the physician did or did not provide a detailed explanation for the opinion. Starman v. Kijakazi, 2:20-CV-35-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (listing cases). The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ must explain the supportability and consistency factors, at minimum, and such reference must contain more than "mere reference to the words." *Welch v. Kijakazi*, 2:23-cv-11-HEA, 2024 WL 578456, at *6 (E.D. Mo. Feb. 13, 2024) (citing *Bibb v. Kijakazi*, 2:21-cv-70-ACL, 2023 WL 2707439, at *1–8 (E.D. Mo. Mar. 30, 2023)). A general statement that the medical opinion is inconsistent, or not supported, is insufficient. *See Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (holding that an ALJ who stated a doctor's opinion was "internally inconsistent" without identifying the specific inconsistencies was an inadequate articulation of the required factors).

---

[2] The other factors include the relationship with the claimant, specialization, and other factors which can include whether additional evidence was submitted after the date of the opinion. 20 C.F.R. § 404.1520c(c)(3-5). An ALJ is not required to address all factors in her opinion.

Page **7** of **10**

The ALJ found that Dr. Van Bruggen's opinion is not persuasive because "it is not consistent with the overall evidence" (Tr. 94). The ALJ then cited to other medical evidence showing that Plaintiff had a normal gait (with or without a cane) without mention of the use of crutches (Tr. 94; 521, 538, 543, 553, 669, 826, 865, 879, 1011). Plaintiff does not dispute that the ALJ appropriately addressed the consistency factor. However, Plaintiff does argue that the ALJ did not specifically address supportability – that the ALJ did not address whether Dr. Van Bruggen's opinion is internally consistent. Plaintiff is correct that the ALJ did not use the word supportability; however, use of the word is not dispositive and the ALJ did, at least minimally, articulate that Dr. Van Bruggen's opinion was not supported by his own examination. See Oleary v. Dudek, 4:23-CV-725-MTS, 2025 WL 962313, (E.D. Mo. March 31, 2025) ("The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed." (quotation marks and citation omitted)).

In general, it is clear that the ALJ considered Dr. Van Bruggen's examination; the ALJ cited to the record at least 40 times throughout the opinion. The ALJ also cited to the correct legal standard, noting that she considered the medical opinions consistent with 20 C.F.R. § 404.120c (Tr. 90). The ALJ indicated that at the examination, Plaintiff did not appear to be in acute distress, that he had normal range of motion in his joints including his hips, that he had normal grip strength, and that he had normal sensation (Tr. 92-94, citing Tr. 708-715). The ALJ concluded that "overall treatment and exam findings are not consistent with the full extent of the alleged limitations to [ ] walking" (Tr. 93). To be sure, the ALJ did not specifically state that Dr. Van Bruggen's examination did not support the full extent of the alleged limitations on walking and the necessity of a crutch. But, the ALJ did cite to Dr. Van Bruggen's examination in concluding that Plaintiff's allegations as to walking limitations and crutch usage are not supported by the physical

examinations. Accordingly, it is merely a defect of opinion writing that the ALJ did not specifically state that Dr. Van Bruggen's examination findings are inconsistent with the medical necessity of using crutches.[3] And, this deficiency "had no practical effect on the outcome of the case." Sloan v. Saul, 933 F.3d 946, 951 (8th Cir. 2019) (quotation marks and citation omitted).

The ALJ necessarily found that at least parts of Dr. Van Bruggen's examination were inconsistent with the use of crutches and that there was not substantial evidence that Plaintiff required the use of crutches such that they should be incorporated in an RFC. Plaintiff acknowledges that his own statements of whether he uses an assistive device is not dispositive. Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016). Second, it is undisputed that crutches are only mentioned twice in the medical record, once by Dr. Van Bruggen in his evaluation and second in relation to Plaintiff's intent to use crutches in relation to a discrete surgery (Tr. 703, 720). There is no showing in the medical records that Plaintiff used crutches regularly to ambulate or for balance. See Raney v. Barnhart, 396 F.3d 1006, 1010 (8th Cir. 2005); Tripp v. Astrue, 489 Fed.App'x. 951, *3 (8th Cir. 2012 ("A finding of necessity must rest on 'medical documentation establishing the need for a hand-held assistive device to aid in walking and standing, and describing the circumstances for which it is needed.'" (quoting SSR 96-9p, 1996 WL 374185 (July 2, 1996)); See also, Boyd v O'Malley, 4:23-CV-142-AGF, 2024 WL 706217, *4 (E.D. Mo. Feb. 21, 2024); As such, the ALJ's conclusion as to the persuasiveness of Dr. Van Bruggen's opinion, although unartfully presented, is minimally articulated when the entirety of the decision is considered.

---

[3] Plaintiff argues that the ALJ misstated the record by indicating that: "Notably, there is no evidence of any use of crutches at other exams" (Tr. 94). Plaintiff argues that this is inconsistent with an October 12, 2021 medical record stating that "we discussed the need to offload his foot, he says he has crutches and will use them this week" (Tr. 720). Comparing these statements hardly shows a misstatement. The ALJ indicated that Plaintiff did not use crutches at any medical examination other than the one performed by Dr. Van Bruggen – this is factually accurate. That Plaintiff may have had crutches at home that he intended to use after a discrete surgery on his foot in comparison is inapposite.

Page **9** of **10**

In sum, the ALJ appropriately found Plaintiff's RFC when the evidence as a whole is considered. The ALJ also developed an RFC with additional limitations to accommodate Plaintiff's cane usage.

* * * * *

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 29th day of April, 2025

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE